### TANNER and TIBBITS.

Where proceedings are had under the statute *to compel the determination of claims to real property*, and the party upon whom notice is served *to assert his claim* puts in a plea denying the possession of the party serving the notice, and issue is joined upon such plea and a verdict found against the plea, the prevailing party has no right to file the postea and sign judgment and tax costs against his adversary ; all he can do is to enter a rule requiring him to plead to the title, and then, if no such plea is interposed, or a plea of disclaimer is put in judgment may be entered by the prevailing party, which will forever bar his adversary from any estate of inheritance or freehold in the premises.

*It seems* that the *record* made up in these cases should commence with the notice served as the incipient step.

MOTION to set aside a judgment for costs. This was a proceeding under the statute to compel the determination of claims to real property, (2 *R. S.* 312.) On the 8th July, 1835, Tanner served a notice on Tibbits, pursuant to § 2. The premises are situate in Williamstown, Oswego county. In pursuance of § 7, Tibbits, on the 18th August, 1835, pleaded that neither Tanner, nor those whose estate he has, have been in the actual possession of the premises claimed by him in the notice, for three whole years before the service of the notice ; on which plea an issue of fact was joined. The issue was tried at the Oswego [545] circuit in December last, (no one appearing for Tibbits,) and a verdict found in favor of Tanner. On the 8th January last, Tanner filed the *nisi prius* papers and entered a rule for judgment *nisi* on the verdict, and afterwards had his costs of the proceeding taxed, filed a judgment record, and perfected judgment against Tibbits for the costs ; and thereupon, under § 7, entered and gave notice of a rule that Tibbits plead to the title within twenty days. Tibbits now moves to set aside the judgment for costs, and all subsequent proceedings founded thereon. The rule to plead to the title had not expired when notice of the motion was given.

*By the Court,* BRONSON, J. This was not a case for filing a record and perfecting a formal judgment. The plea interposed by Tibbits did not go to the title, and its determination either the one way or the other could not affect the interest of the parties in the land. The extraordinary remedy provided by this statute for compelling the determination of claims to real property, does not extend to every person in possession of land, but only to a party who by himself, or by himself and those whose estate he has, has been for three years in the actual possession of the land, claiming the same in fee or for life. '§ 1.) The person receiving such a notice as the statute prescribes, is not required to say whether he claims any interest in the land or not, until this preliminary question has been settled. The plea which he is allowed to interpose for the purpose of having that matter determined is, in effect, a plea that the person giving the notice does not stand in a situation which authorizes him to require an answer. It is a plea " in bar of all further proceedings," (§ 7,) and bears a strong analogy to a plea in abatement at common law of some matter going to the ability of the plaintiff to sue. In general, the judgment for the plaintiff on such a plea is *quod respondeat ouster ;* and on this statute plea, the judgment in favor of the person giving the notice is that the other party " plead to the title." In the one case, if the defendant neglect to answer over, and in the other, if he omit to " plead to the title," [546] the opposite party will in the end have the effect of his suit or proceeding ; but no formal judgment should be entered upon the interlocutory matter until after a final adjudication, either by default or otherwise, upon the rights of the parties.

Much stress has been laid upon the fact that the statute speaks of a *judgment* against the plea. But there are many cases in the law where a judgment is rendered in the progress of the cause, which is not perfected by a record until after the final determination of the matter in controversy. Such is the judgment already mentioned of *respondeat ouster* on overruling a plea in abatement. Such also are all interlocutory judgments, where an assessment or writ of inquiry is

necessary to ascertain the amount of damages. In the action of account, the first or preliminary judgment for the plaintiff is *quod computet,* and in the action of partition, *quod partitio fiat:* but neither of these judgments is perfected by a record until the rights of the parties have been finally adjudicated.

This is not, as has been supposed, like the suggestion which the plaintiff is allowed to make for the recovery of *mesne* profits after a judgment in his favor in ejectment. (2 *R. S.* 310, § 43, 45.) That remedy is given "instead of the action of trespass" which was formerly brought to recover *mesne* profits ; and by the express words of the statute this proceeding is to be had "after the docketing of the judgment" in the ejectment suit, and the suggestion is to be entered "upon the record of such judgment, or be attached thereto."

Tibbits may now suffer a default, or disclaim all right to the property , and will in either case be barred from all claim to any estate of inheritance or of free-hold in the premises. (§ 7, 8.) If he claim title, he will declare, and thereupon become plaintiff against Tanner in an action of ejectment. (§ 9.) The action, with few exceptions, will proceed like other actions of ejectment ; but the judgment in favor of either party will be conclusive against the other. (§ 14.) In this respect the judgment, it would seem, differs from that rendered in the ordinary action of ejectment, which may be vacated for the purpose of granting a new trial. (*P.* 309, § 36 *to* 38.) In this proceeding, whichever party may finally prevail, the record should commence with the notice, for the purpose of showing under which branch of the statute the suit was instituted, as that fact is material in relation to the consequences which result from the judgment.

Some facts are stated on the part of Tanner for the purpose of showing that Tibbits knew his plea was false and that it was not put in in good faith ; and it is urged that if Tanner is not allowed to perfect a judgment, he not only has no remedy for the costs of this preliminary proceeding, but that Tibbits, should he now disclaim, will recover costs against Tanner—including costs of the issue which he has improperly presented. (§ 8.) There may be a defect in the statute in this respect: but whether so or not, or whether the court cannot on motion control the question of costs, in case any improper course shall be pursued by Tibbits, will be decided when the question shall properly arise. Tibbits may declare, and the final judgment may be such as will wholly avoid this question ; but it is enough for the present that the judgment for costs was at the time unauthorized, and must consequently be set aside.